The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tony Mumfrey

## DEFENDANTS
CVS Pharmacy, Inc., Mike Cooney, Gary LeBlanc and Douglas Jenny

**(b)** County of Residence of First Listed Plaintiff  **Jefferson**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Rhode Island**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John M. Morgan, Harris, Duesler & Hatfield, L.L.P., 550 Fannin, Suite 650, Beaumont, TX 77701, (409) 832-8382

Attorneys (If Known)
J. Bradley Spalding and Fazila Issa, Littler Mendelson, P.C., 1301 McKinney Street, Suite 1900, Houston, TX 77010, (713) 951-9400

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment  **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Discrimination and retaliation under Chapter 21 of the Texas Labor Code

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  3/2/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| TONY MUMFREY, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | NO. _____ |
| | § | |
| CVS PHARMACY, INC., MIKE COONEY, | § | |
| GARY LEBLANC AND DOUGLAS JENNEY, | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant CVS Pharmacy, Inc. ("CVS") files this Notice of Removal of the above-entitled action from the 58th Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division. As set forth below, this case is subject to removal based upon diversity jurisdiction.

**I.**
**BACKGROUND**

1.      On October 14, 2009, Plaintiff Tony Mumfrey ("Mumfrey") filed this civil action, Case No. A185,123, captioned *Tony Mumfrey v. CVS Pharmacy, Inc., Mike Cooney, Gary LeBlanc and Douglas Jenney*, in the 58th Judicial District Court of Jefferson County, Texas.

2.      On October 19, 2009, Mumfrey served his Original Petition ("Original Petition") upon CVS's registered agent for service of process. Mumfrey also served his Original Petition upon Defendants Mike Cooney ("Cooney"), Gary LeBlanc ("LeBlanc"), and Douglas Jenny ("Jenny") on October 19, 2009. The Original Petition asserted a claim for unliquidated damages, and did not allege the amount of damages sought or an amount in controversy. On February 8,

2010, Mumfrey filed, and the Defendants were served, his First Amended Petition ("Amended Petition") in which he pleaded, for the first time, a maximum amount of damages sought which is well in excess of the $75,000 amount in controversy required to trigger diversity jurisdiction in this Court, the service of which permitted Defendants for the first time to ascertain that the case was removable based upon diversity jurisdiction. 28 U.S.C. § 1446(b). True and correct copies of all process, pleadings, and orders filed and served in the state court action and a certified copy of the state court docket sheet are attached hereto and incorporated herein by reference. Pursuant to Eastern District of Texas Local Rule CV-81, Exhibit A to this Notice of Removal is an Index of required documents, and the required documents are attached as Exhibits 1-6.

      3.     This case arises out of an employment dispute between Mumfrey, a pharmacist, and CVS, his former employer. In his Original Petition, Mumfrey alleges that CVS discriminated against him, denied him reasonable accommodations, and retaliated against him on the basis of a disability in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"). However, in a transparent attempt to defeat diversity jurisdiction, Mumfrey also alleges baseless tortious inference, fraud, and defamation claims against three CVS managers, Cooney, LeBlanc, and Jenny. As explained below, Mumfrey fraudulently joined Cooney, LeBlanc, and Jenny because there is no possibility that Mumfrey will prevail on any of his state-law claims against them. Cooney, LeBlanc, and Jenny have provided their Consent to Removal contemporaneously with this Notice of Removal. (Exhibit B, Consents to Removal).

## II.
## DIVERSITY JURISDICTION

      4.     This Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332, and, therefore, this action is removable under 28 U.S.C. § 1441(b). Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and

costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.

### A.     The Amount in Controversy Exceeds $75,000

5.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. In his Amended Petition filed on February 8, 2010, Mumfrey seeks three million five hundred seventy-five thousand dollars ($3,575,000) in damages plus attorneys' fees equivalent to 40% of the total gross recovery and appellate attorney's fees in the amount of $100,000. (Plaintiff's Amended Petition at 4-5). Based on Mumfrey's Amended Petition, it is facially apparent, therefore, that the amount in controversy exceeds the jurisdictional requirement of $75,000.

### B.     Diversity of Citizenship Exists

6.     There is complete diversity between the parties. At the time of filing of Mumfrey's Original Petition and at the time of removal, Mumfrey was and is an individual citizen of Texas.

7.     At the time of filing of Mumfrey's Original Petition and at the time of removal, CVS Pharmacy, Inc. was and is a citizen of Rhode Island, with both its state of incorporation and principal place of business in Rhode Island. *See* 28 U.S.C. § 1332(c) (discussing that a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business).

8.     At the time of filing Mumfrey's Original Petition and at the time of removal, Defendants Cooney, LeBlanc, and Jenny were and are citizens of Texas.[1]   However, their citizenship should be ignored for purposes of removal because, as discussed more fully below,

---

[1] In January 2009, shortly before Mumfrey's termination, LeBlanc was transferred by CVS to California; however,

Mumfrey fraudulently joined them for the sole purpose of defeating diversity jurisdiction.

## III.
## FRAUDULENT CLAIMS

9.     To establish that Mumfrey has fraudulently joined Cooney, LeBlanc, and Jenny, CVS must "show either that there is no possibility that [Mumfrey] would be able to establish a cause of action against [the individual Defendants] in state court or that there has been outright fraud in pleading the jurisdictional facts." *Wodka v. Integrated Partnerships, Inc.*, No. 201CV1150-D, 2001 WL 1029460, at *1 (N.D. Tex. Aug. 24, 2001) (electronically published cases are attached as Exhibit D). In order to make this determination, a court may, if appropriate, pierce the pleadings to consider "summary judgment-type evidence" such as affidavits and deposition testimony. *See id.*; *see also Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206, at *9 (S.D. Tex. Nov. 3, 2008) (Exhibit D).

### A.     Tortious Interference Claims

10.     Mumfrey alleges that Cooney, LeBlanc, and Jenny tortiously interfered with his employment and business relations. In *Martin v. Kroger Co.*, No. 99-20989, 2000 WL 992237, at *3 (5th Cir. June 23, 2000), the Fifth Circuit made clear that "[Chapter 21] provides the exclusive state-law means for redress of employment discrimination and preempts claims for discrimination brought under other state-law theories." (Exhibit D). In other words, if a plaintiff's tortious interference claim is simply a "repackaging" of his discrimination and retaliation claims, it is barred by Chapter 21. *See id.*

11.     To the extent that a tortious interference claim may stand on its own, a plaintiff must establish:  (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss. *Id.*

---

for purposes of citizenship, LeBlanc's domicile is Texas. (*See* Exhibit C, LeBlanc Declaration ¶¶ 2-3).

If the plaintiff alleges that an agent of his current employer has interfered with his contract with that employer, then the plaintiff must establish that "the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense." *Id.*; *see also Wodka*, 2001 WL 1029460, at *2.   "A corporate officer's mixed motives—to benefit both himself and the corporation—are insufficient to establish liability." *Martin*, 2000 WL 992237, at *3.   In addition, "if a corporation does not complain about it's agents actions, then the agent cannot be held to have acted contrary to the corporation's interests." *Id.*; *see also Wodka*, 2001 WL 1029460, at *2.

### 1.   Mumfrey's Original Petition Fails to State Tortious Interference Claims Against Cooney, LeBlanc, or Jenny

12.   Mumfrey alleges that Cooney, LeBlanc, and Jenny tortiously interfered with his business relationship with CVS by "personally embark[ing] upon a pattern of retaliation" against him. (Plaintiff's Original Petition at 3).   The plain language of this allegation makes it clear that Mumfrey's tortious interference claim is merely a repackaged version of his discrimination and retaliation claims against CVS.   Accordingly, that claim is preempted by Chapter 21 and joinder of the individual Defendants is fraudulent.   Further, in the absence of any allegations that Cooney, LeBlanc, and Jenny acted because of their own personal interests and that CVS expressed displeasure with their actions, Mumfrey's tortious interference claim cannot stand on its own.

### 2.   Mumfrey's Deposition Testimony Confirms That There is No Possibility That Mumfrey Could Prevail on His Tortious Interference Claims Against the Individuals.

13.   Any doubt as to whether Mumfrey's tortious interference claim has independent merit is extinguished by virtue of his deposition testimony, in which Mumfrey admits that he has no idea of the basis for this claim:

Q.    In what way has Mr. Cooney, Mr. Jenney, or Mr. LeBlanc tortiously interfered with your business relationships?

A.    **You would have to ask the attorney that drafted this.**

                              *     *     *

Q.    [Reading excerpts from Plaintiff's petition:] "Texas law recognizes that even in an employment-at-will situation, a supervisor can tortiously interfere with a plaintiff's business relationships.    These defendants personally embarked upon a pattern of retaliation against this plaintiff, and such actions were not justified by either an absolute or qualified privilege."

A.    **I don't know what half that means.**

Q.    Does that mean that you believe that by retaliating against you and discriminating against you, that the individuals were also tortiously interfering with your employment with CVS?

A.    Again, **I do not know what he means by this**; and I apologize that you can't ask him. I don't know what he's --

                              *     *     *

Q.    Your lawsuit also alleges that the individual defendants tortiously interfered with your employment. Okay? Do you know anything about that or any facts which support that belief other than what we have already talked about in the context of discrimination and retaliation?

A.    Is that what tortious -- tortious interference is?

Q.    Do you not know what it is?

A.    **I don't know what tortious interference is.**

(Exhibit E, Mumfrey Dep. at 233:19-23, 234:9-23, 235:18-236:2) (emphasis added).    There is

no possibility that Mumfrey could prevail with respect to his tortious interference claims against

Cooney, LeBlanc, and Jenny.    Accordingly, their joinder in this lawsuit is improper, and

complete diversity is established to support removal.

**B.    Fraud Claims**

14.    To prevail on a fraud claim, a plaintiff must establish that:  (1) the defendant

made a material misrepresentation; (2) the representation was false; (3) when the defendant made

the representation, he knew it was false or made the representation recklessly without any

knowledge of the truth and as a positive assertion; (4) the defendant made the representation with

the intention that the plaintiff would act upon the representation; (5) the plaintiff actually relied

upon the representation; and (6) the plaintiff suffered an injury as a result. *Gipson*, 2008 WL

4844206, at *6.  The failure to allege an underlying representation is fatal to establishing a fraud claim.  *See id.* (finding fraudulent joinder and denying the plaintiff's motion to remand based on the fact that plaintiff failed to identify any representation by defendant).

### 1.    Mumfrey's Original Petition Fails to State Fraud Claims Against Cooney, LeBlanc, or Jenny

15.    Without alleging a single supporting fact, Mumfrey's Petition alleges that he "sues these Defendants . . . under the theory of constructive fraud."  (Plaintiff's Original Petition at 3-4).  This conclusory allegation fails to identify a requisite fact—a representation by Cooney, LeBlanc, or Jenny—to support Mumfrey's fraud claims.

### 2.    Mumfrey's Deposition Testimony Confirms That There is No Possibility That Mumfrey Could Prevail on His Fraud Claims Against the Individual Defendants.

16.    Given the dearth of facts in Mumfrey's Original Petition, it is not surprising that Mumfrey could not identify in his deposition a single material misrepresentation made by any of the Defendants:

Q.    Did Mr. Cooney, Mr. LeBlanc, or Mr. Jenney at any point make a representation to you that turned out to be false?
A.    What do you mean by "make a representation" to me?
Q.    Did they tell you anything that turned out to be false?
A.    **I can't think of anything**.

(Exhibit E, Mumfrey Dep. at 239:10-17) (emphasis added).  As there is no possibility that Mumfrey could prevail with respect to his fraud claims against Cooney, LeBlanc, and Jenny, their joinder in this lawsuit is improper, and complete diversity is established to support removal.

### C.    Defamation Claims

17.    To prevail on a defamation claim, a plaintiff must establish that:  (1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with malice or negligence regarding the truth of the statement.  *See Gipson*, 2008 WL

4844206, at *9. Defamation claims must state the *time* and *place* of publication, the *content* of the alleged defamatory statements, and the *identity of the third parties* to whom the alleged defamatory statements were made. *See id.* (denying motion to remand in response to a removal by the defendant because plaintiff failed to allege in his petition "the identity of the listener of the defamatory statements"); *Rawlings v. Travelers Property Casualty Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *7 (N.D. Tex. May 20, 2008) (denying motion to remand because petition did not "identify the content or character of any specific defamatory statements or the time or place of such statements" and because plaintiff failed to allege that the statements were published to a third party) (Exhibit D); *Lowery v. Allstate County Mut. Ins. Co.*, No. 3:06-CV-1886-L, 2007 U.S. Dist. LEXIS 30061, at *12-14 (N.D. Tex. Apr. 23, 2007) (noting that statements made to other employees do not constitute publication to a third party) (Exhibit D).

### 1. Mumfrey's Original Petition Fails to State Defamation Claims Against Cooney, LeBlanc, or Jenny.

18.     Mumfrey's Petition devotes only one sentence to his defamation claims, as follows:

> Upon information and belief, Plaintiff asserts that these individual Defendants also engaged in a pattern of slander and defamation per se against Plaintiff to other employees and/or officers of CVS, and these actions did not occur within the bounds of either an absolute or qualified privilege.

(Plaintiff's Original Petition at 3). Without any supporting facts as to when, where, or to whom Cooney, LeBlanc, or Jenny made the alleged defamatory statements, or the content of those statements, the bare bone allegations pleaded in Mumfrey's Petition fail to state viable defamation claims.

2.      **Mumfrey's Deposition Testimony Confirms That There is No Possibility That Mumfrey Could Prevail on His Defamation Claims Against the Individual Defendants.**

19.     Even if this Court pierces the pleadings to consider summary judgment-type evidence, Mumfrey's deposition testimony unequivocally demonstrates that he cannot establish his defamation claim.  In his deposition, Mumfrey essentially testified that CVS defamed him by issuing written disciplinary reprimands which led to his termination and subsequently classifying him as "ineligible for re-hire" upon his termination.  However, Mumfrey admitted that:  (1) he knows of nobody other than himself who was provided that information by CVS; and (2) that he is unaware of Cooney, LeBlanc, or Jenny ever publishing that information, or any other alleged defamatory statements.  In fact, according to Mumfrey, he is aware only of one prospective employer who attempted to contact the CVS help desk for an employment reference, and that entity never received a return call.  (Exhibit E, Mumfrey Dep. at 236:3-238:2).  Because there is no possibility that Mumfrey could prevail with respect to his defamation claims against Cooney, LeBlanc, and Jenny, their joinder in this lawsuit is improper, and complete diversity is established to support removal.

                              IV.
                   **PROCEDURAL ALLEGATIONS**

20.     The Eastern District of Texas, Beaumont Division, is the federal district and division that encompasses the 58th Judicial District Court of Jefferson County, Texas.  *See* 28 U.S.C. § 124(c)(2).

21.     Although the Plaintiff's Original Petition was served on October 19, 2009, the action was not removable at that time as the Plaintiff had not pleaded the amount of damages sought and there was no opportunity to discern an amount in controversy.  However, Mumfrey's Amended Petition, in which he sought damages well in excess of the $75,000 amount in

- 9 -

controversy necessary to implicate this Court's diversity jurisdiction, was served on Defendants on February 8, 2010. This notice of removal is therefore filed within thirty days of the first point at which it could have been ascertained that the action was removable, and is therefore timely filed under 28 U.S.C. § 1446. Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

22.     CVS has simultaneously given prompt written notice of the filing of its Notice of Removal to all adverse parties and filed a copy of the Notice of Removal with the 58th Judicial District Court of Jefferson County, Texas, attached hereto and incorporated herein by reference as Exhibit F. *See* 28 U.S.C. § 1446(d).

WHEREFORE, CVS respectfully requests that this action be removed from the 58th Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

Dated March 2, 2010                      Respectfully submitted,


/s/ J. Bradley Spalding
J. Bradley Spalding
State Bar No. 00786253
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Fax)
bspalding@littler.com

**Lead Attorney for Defendants
CVS Pharmacy, Inc., Mike Cooney, Gary
LeBlanc, and Douglas Jenny**

**Of counsel:**

Fazila Issa
State Bar No. 24046136
fissa@littler.com
and
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that, on March 2, 2010, a true and correct copy of the foregoing document was sent by certified mail, return receipt requested, to the following counsel of record:

John M. Morgan
HARRIS, DUESLER & HATFIELD, L.L.P.
550 Fannin, Suite 650
Beaumont, Texas 77701

ATTORNEY FOR PLAINTIFF

/s/ Fazila Issa
Fazila Issa

Firmwide:94114676.3 057985.1018